GARY M. RESTAINO
United States Attorney
District of Arizona
HEATHER A. MOILANEN-MILLER
Assistant United States Attorney
United States Courthouse
405 W. Congress Street, Suite 4800
Tucson, Arizona 85701
Telephone: 520.620.7300
Email: heather.moilanen-miller@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | CR 22-712-RM-EJM |
| Plaintiff, | Mag No: 22-01625M |
| vs. | PLEA AGREEMENT |
| Jose Alberto Ruelas-Rodriguez, aka Jose Alberto Ruelas Rodriguez | (Fast Track 5K3.1) |
| Defendant. | |

The United States of America and the defendant hereby agree to resolve this matter on the following terms and conditions:

## PLEA

The defendant will plead guilty to an Information/Indictment charging a violation of Title 8, United States Code (U.S.C.), Section 1326(a), with a possible sentencing enhancement under 1326(b)(1) or 1326(b)(2), Reentry of Removed Alien.

## I. MAXIMUM PENALTIES

A. The maximum possible penalty for a violation of 8 U.S.C. § 1326(a) is up to twenty (20) years in prison, a fine of up to $250,000, and a term of supervised release of up to three (3) years.

B. According to the United States Sentencing Guidelines (U.S.S.G.) issued pursuant to the Sentencing Reform Act of 1984, the Court shall:

1. Order the defendant to pay a fine pursuant to 18 U.S.C. §§ 3572 and 3553, unless the Court finds that a fine is not appropriate; and

2. Order the defendant to serve a term of supervised release when required by statute and may impose a term of supervised release in all other cases, taking into consideration U.S.S.G. § 5D1.1.

C. Pursuant to 18 U.S.C. § 3013(a)(2)(A), the Court is required to order the defendant to pay a $100 special assessment.

## II. AGREEMENTS REGARDING SENTENCING

A. <u>Guidelines Calculations</u>. The parties understand that the Guidelines are only advisory and just one of the factors the Court will consider under 18 U.S.C. §3553(a) in imposing a sentence.

B. <u>Sentencing Range</u>. Pursuant to Fed. R. Crim. P., Rule 11(c)(1)(C), the government and the defendant stipulate and agree that the following are the maximum applicable guideline ranges for this offense. The defendant understands that he will be sentenced in accordance with the applicable ranges below as determined by the Court.

- 8 to 14 months of imprisonment if defendant's Criminal History Category is I;
- 10 to 16 months of imprisonment if defendant's Criminal History Category is II;
- 12 to 18 months of imprisonment if defendant's Criminal History Category is III;
- 18 to 24 months of imprisonment if defendant's Criminal History Category is IV;
- 24 to 30 months of imprisonment if defendant's Criminal History Category is V;
- 27 to 33 months of imprisonment if defendant's Criminal History Category is VI.

These ranges include a two-level reduction pursuant to U.S.S.G § 5K3.1 ("fast-track").

If the government or probation department discovers a conviction other than those disclosed to the defense, this may make higher sentencing ranges appropriate, and the government shall have the right to withdraw from this agreement.

C. <u>Departures or Reductions</u>. If the defendant moves for any adjustments in Chapters Two, Three, or Four of the Sentencing Guidelines or any "departures" from the Sentencing Guidelines, the government may withdraw from this agreement. If the defendant argues for a variance under 18 U.S.C. §3553(a) in support of a sentence request

below the stipulated ranges in this agreement, the government may oppose the requested variance. The government, however, will not withdraw from the agreement if the defendant argues for, and the Court grants, a variance below the stipulated range in this agreement.

D. <u>Supervised Release / Probation</u>. This plea agreement is conditioned on the defendant not being on federal supervised release or federal probation at the time of the offense. If the defendant is found to have been on supervised release / probation, the defendant's supervised release / probation violation matter will be addressed in separate proceedings/pleadings.

E. <u>Criminal History Points/Prior Convictions</u>. If the defendant has 18 or more criminal history points, or if the government or federal probation discovers a conviction other than those disclosed to the defense prior to sentencing, the government shall have the right to withdraw from this agreement.

F. <u>Plea Addendum</u>. This written plea agreement, and any written addenda filed as attachments to this plea agreement, contain all the terms and conditions of the plea. Any additional agreements, if any such agreements exist, shall be recorded in a separate document and may be filed with the Court under seal. Accordingly, additional agreements, if any, may not be in the public record.

### III. COURT APPROVAL REQUIRED

If the Court, after reviewing this plea agreement, concludes that any provision is inappropriate, it may reject the plea agreement under Rule 11(c)(5), Fed. R. Crim. P., giving the defendant, in accordance with Rule 11(d)(2)(A), Fed. R. Crim. P., an opportunity to withdraw the defendant's guilty plea.

### IV. WAIVER OF DEFENSES AND APPEAL RIGHTS

Provided the defendant receives a sentence in accordance with this plea agreement, the defendant waives (1) any and all motions, defenses, probable cause determinations, and objections that the defendant could assert to the information or indictment; and (2) any right to file an appeal, any collateral attack, and any other writ or motion that challenges

the conviction, an order of restitution or forfeiture, the entry of judgment against the conviction, an order of restitution or forfeiture, the entry of judgment against the defendant, or any aspect of the defendant's sentencing-including the manner in which the sentence is determined, the determination whether defendant qualifies for "safety valve" (U.S.S.G. § 5C1.2 and 18 U.S.C. §3553(f)), and any sentencing guideline determinations. The sentence is in accordance with this agreement if the sentence imposed does not exceed **33 months' imprisonment**, the defendant further waives: (1) any right to appeal the Court's entry of judgment against defendant; (2) any right to appeal the imposition of sentence upon defendant under 18 U.S.C. § 3742 (sentence appeals); (3) any right to appeal the district court's refusal to grant a requested variance; (4) any right to collaterally attack defendant's conviction and sentence under 28 U.S.C. § 2255, or any other collateral attack; and (5) any right to file a motion for modification of sentence, including under 18 U.S.C. § 3582(c) (except for the right to file a compassionate release motion under 18 U.S.C. § 3582(c)(1)(A) and to appeal the denial of such a motion). The defendant acknowledges that this waiver shall result in the dismissal of any appeal or collateral attack the defendant might file challenging his/her conviction or sentence in this case. If the defendant files a notice of appeal or a habeas petition, notwithstanding this agreement, defendant agrees that this case shall, upon motion of the government, be remanded to the district court to determine whether defendant is in breach of this agreement and, if so, to permit the government to withdraw from the plea agreement. This waiver shall not be construed to bar a claim of ineffective assistance of counsel or an otherwise-preserved claim of "prosecutorial misconduct" (as that term is defined by Section II.B of Ariz. Ethics Op. 15-01 (2015)).

V.   **IMMIGRATION CONSEQUENCES OF PLEA**

The defendant recognizes that pleading guilty may have consequences with respect to his/her immigration status if the defendant is a recently naturalized United States citizen or is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense(s) to which defendant is pleading guilty. Although there may be exceptions, the defendant understands that the defendant's guilty

plea and conviction for this offense make it practically inevitable and a virtual certainty that the defendant will be removed or deported from the United States. The defendant agrees that he/she has discussed this eventuality with his/her attorney. The defendant nevertheless affirms that he/she wants to plead guilty regardless of any immigration consequences that this plea entails, even if the consequence is the defendant's automatic removal from the United States.

## VI. PERJURY AND OTHER OFFENSES

Nothing in this agreement shall be construed to protect the defendant in any way from prosecution for perjury, false declaration or false statement, obstruction of justice, or any other offense committed by the defendant after the date of this agreement. Any information, statements, documents, or evidence the defendant provides to the United States pursuant to this agreement, or to the Court, may be used against the defendant in all such prosecutions.

## VII. REINSTITUTION OF PROSECUTION

If the defendant's guilty plea is rejected, withdrawn, vacated, or reversed by any court in a later proceeding, the government will be free to prosecute the defendant for all charges and/or allegations of supervised release / probation violations as to which it has knowledge, and any charges and/or allegations of supervised release / probation violations that have been dismissed or not alleged under the terms of this plea agreement. In such event, the defendant waives any objections, motions, or defenses based upon the Speedy Trial Act or the Sixth Amendment to the Constitution as to the delay occasioned by the later proceedings. Defendant agrees that the fast-track departures set forth under "Agreements Regarding Sentence" will not be offered if prosecution is re-instituted.

## VIII. DISCLOSURE OF INFORMATION

A. The United States retains the unrestricted right to provide information and make any and all statements it deems appropriate to the Probation Office and to the Court in connection with the case.

B. The defendant shall cooperate fully with the U.S. Probation Office. Such

cooperation shall include providing complete and truthful responses to questions posed by the Probation Office including, but not limited to, questions relating to:

    1. Criminal convictions, history of drug abuse and mental illness; and

    2. Financial information, including present financial assets or liabilities that relate to the ability of the defendant to pay a fine.

## IX. EFFECT ON OTHER PROCEEDINGS

This agreement does not preclude the United States from instituting any civil or administrative proceedings as may be appropriate now or in the future.

## DEFENDANT'S APPROVAL AND ACCEPTANCE

I have read the entire plea agreement with the assistance of counsel and understand each of its provisions.

I have discussed the case and my constitutional and other rights with my attorney. I understand that by entering my plea of guilty I shall waive my rights: to plead not guilty; to trial by jury; to confront, cross-examine, and compel the attendance of witnesses; to present evidence in my defense; to remain silent and refuse to be a witness against myself by asserting my privilege against self-incrimination; and to be presumed innocent until proven guilty; and to appeal or otherwise challenge my conviction and sentence.

I agree to enter my guilty plea as indicated above on the terms and conditions set forth in this agreement.

I have been advised by my attorney of the nature of the charges to which I am entering my guilty plea. I have further been advised by my attorney of the nature and range of the possible sentence and that my ultimate sentence shall be determined after consideration of the advisory Sentencing Guidelines. I understand that the Sentencing Guidelines are only advisory and that without this agreement the Court would be free to exercise its discretion to impose any reasonable sentence up to the maximum set by statute for the crimes of conviction.

My guilty plea is not the result of force, threats, assurances, or promises other than the promises contained in this agreement. I agree to the provisions of this agreement as a

voluntary act on my part and I agree to be bound according to its provisions.

I fully understand that, if I am granted probation or placed on supervised release by the Court, the terms and conditions of such probation/supervised release are subject to modification at any time. I further understand that, if I violate any of the conditions of my probation/supervised release, my probation/supervised release may be revoked and upon such revocation, notwithstanding any other provision of this agreement, I may be required to serve a term of imprisonment or my sentence may otherwise be altered.

I agree that this written plea agreement and addendum contain all the terms and conditions of my plea. I further agree that promises, including any predictions as to the Sentencing Guideline range or to any Sentencing Guideline factors that will apply, made by anyone (including my attorney) that are not contained within this written plea agreement are null and void and have no force and effect.

I am satisfied that my defense attorney has represented me in a competent manner.

I am fully capable of understanding the terms and conditions of this plea agreement. I am not now using or under the influence of any drug, medication, liquor, or other intoxicant or depressant that would impair my ability to fully understand the terms and conditions of this plea agreement.

## **ELEMENTS**

### **Reentry of Removed Alien**

On or about March 17, 2022, in the District of Arizona:

1. The defendant was an alien;

2. The defendant had been previously denied admission, excluded, deported, or removed from the United States;

3. The defendant knowingly and voluntarily reentered or was present after a voluntary entry and found in the United States in the District of Arizona; and

4. The defendant did not obtain the express consent of the Attorney General or the Secretary of Homeland Security to reapply for admission to the United States prior to returning to the United States.

## FACTUAL BASIS

I further admit the following facts are true and if this matter were to proceed to trial the United States could prove the following facts beyond a reasonable doubt:

I am not a citizen or national of the United States. I was removed from the United States through Nogales, Arizona, on October 6, 2016. I was voluntarily present and found in the United States at or near Newfield, Arizona, on March 17, 2022. I was not under constant, continuous observation from the time I crossed the border until the time I was found on March 17, 2022. I did not obtain the express consent of the United States government to reapply for admission to the United States prior to returning to the United States.

I have read this agreement or it has been read to me in Spanish, and I have carefully reviewed every part of it with my attorney. I understand it, and I voluntarily agree to it.

04-21-2022　　　　　　　　X Jose alberto Ruelas R.
Date　　　　　　　　　　　　Jose Alberto Ruelas-Rodriguez
　　　　　　　　　　　　　　　Defendant

## DEFENSE ATTORNEY'S APPROVAL

I have discussed this case and the plea agreement with my client in detail and have advised the defendant of all matters within the scope of Fed. R. Crim. P. 11, the constitutional and other rights of an accused, the factual basis for and the nature of the offense to which the guilty plea will be entered, possible defenses, the consequences of the guilty plea (including the maximum statutory sentence possible), and that the defendant is waiving the right to appeal or otherwise challenge the conviction and sentence. I have discussed the concept of the advisory Sentencing Guidelines with the defendant. No assurances, promises, or representations that are not contained in this written agreement have been given to me or to the defendant by the United States or any of its representatives. I have concluded that the entry of the plea as indicated above on the terms and conditions set forth in this agreement are in the best interests of my client. I agree to make a bona fide

effort to ensure that the guilty plea is entered in accordance with all the requirements of Fed. R. Crim. P. 11.

I translated or caused to be translated this agreement from English into Spanish to the defendant on the 21st day of April 2022.

04.27.2022
Date

Carlos J. Betancourt
Attorney for Defendant

### UNITED STATES' APPROVAL

I have reviewed this matter and the plea agreement. I agree on behalf of the United States that the terms and conditions set forth are appropriate and are in the best interests of justice.

GARY M. RESTAINO
United States Attorney
District of Arizona

HEATHER MOILANEN-MILLER
Digitally signed by HEATHER MOILANEN-MILLER
Date: 2022.04.26 14:19:43 -07'00'

Date

HEATHER A. MOILANEN-MILLER
Assistant United States Attorney